UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.                                                          No. 02-4558

ALPHONSO EDWARD CALHOUN,
              *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Robert C. Chambers, District Judge.
(CR-02-51)

Submitted: December 19, 2002

Decided: January 6, 2003

Before WILKINS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Mary Lou Newberger, Federal Public Defender, Brian J. Kornbrath, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Alphonso Edward Calhoun was charged with six federal drug offenses and pled guilty to distribution of cocaine base (crack) on December 26, 2001, in violation of 21 U.S.C. § 841 (2000). He was sentenced to a term of sixty-three months imprisonment. Calhoun contends on appeal that the district court clearly erred in making a two-level enhancement for possession of a dangerous weapon during a drug offense. *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (2001). We affirm.

In addition to the cocaine sale to which he pled guilty, Calhoun's presentence report described four additional monitored cocaine transactions, all of which occurred in 1999 and 2000, as well as his arrest by state authorities in January 2000. When arrested, Calhoun was carrying 10.3 grams of cocaine and $435 in cash. Authorities searched Calhoun's car, his house, and a second vehicle he owned which had been parked next to his house throughout their investigation. From the trunk of that vehicle, law officers recovered a loaded 9 mm pistol, additional ammunition, a digital scale, 19.6 grams of marijuana packaged in three plastic bags, and $930 in cash. Calhoun advised the officers that some, but not all, of the money in the trunk was from drug dealing.

At sentencing, Calhoun did not dispute any of these facts, but argued that it was clearly improbable that the firearm was connected to his sales of crack and cocaine because only marijuana was found in the trunk. Under the sentencing guidelines, an enhancement for possession of a weapon during a drug offense should be made if a weapon was present during the offense, "unless it is clearly improbable that the weapon was connected to the offense." USSG § 2D1.1, comment. (n.3). Specific offense characteristics in drug cases are determined on the basis of all relevant conduct, which includes all

acts that were part of the same course of conduct or common scheme or plan as the offense of conviction. USSG § 1B1.3(a)(2). The district court determined that, even if the marijuana were not considered, it was not clearly improbable that the gun was connected to Calhoun's drug dealing because the evidence indicated that Calhoun was using the car trunk in connection with his drug dealing. The court noted the presence of the scales and money obtained through drug dealing, that the gun was not a hunting weapon, and that Calhoun had sole access to and control over the car. We cannot say that the court clearly erred in so finding. *United States v. Harris*, 128 F.3d 850, 852 (4th Cir. 1997) (proximity of guns to illicit narcotics supports enhancement under § 2D1.1(b)(1)).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*